**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:06-CR-57-001 |
| | § | |
| DON RAYFORD TRAVIS | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On September 18, 2006, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Don Rayford Travis. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by court-appointed counsel, Greg Waldron.

Defendant originally pleaded guilty to the offense of theft concerning programs receiving federal funds, a Class C felony. The offense carried a statutory maximum imprisonment term of ten years. The United States Sentencing Guideline range, based on a total offense level of 14 and a criminal history category of I, was 15 to 21 months. On July 1, 2003, U.S. District Judge T. John Ward sentenced Defendant to 20 months imprisonment, followed by a term of three years supervised release. Under the standard conditions of supervised release, Defendant was prohibited, in relevant part, from: committing another federal, state or local crime. Defendant was also subject to special conditions to include payment of any financial penalty that is imposed and remains unpaid at the commencement of supervised release, provide the probation officer with access to any requested financial information, and to not incur credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered has been paid in full. On August 30, 2003, Defendant completed the term of imprisonment and began the term of

supervised release.

In its petition, the government alleges that, on or about January 2, 2006, Defendant committed the offense of fraudulent use or possession of identifying information by using information, including social security and name, of Don Patrick Travis, without his consent, and obtaining and using credit cards in don Patrick Travis's name.

If the Court finds by a preponderance of the evidence that Defendant committed any of these violations, a statutory sentence of no more than two years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(b) of the Sentencing Guidelines indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by committing the offense of fraudulent use or possession of identifying information to obtain and use credit cards in another's name, would constitute a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

When a term of supervised release is revoke and the defendant is required to serve a term of imprisonment less than the statutory maximum, the Court may require that Defendant be placed on a term of supervised release after imprisonment. 18 U.S.C. § 3583(h). The authorized term of supervised release for this offense is not more than three (3) years. Pursuant to Section 7B1.3(g)(2) of the Sentencing Guidelines, the length of such term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in the government's petition. In exchange, the government agreed to recommend that Defendant serve 5 months in prison with 12 months supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court RECOMMENDS that Defendant, Don Rayford Travis, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 5 months with 12 months supervised release to follow. Defendant shall comply with conditions of supervised release as set forth in the new judgment, to be issued forthwith.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 22nd day of September, 2006.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE